**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
       Plaintiff,

CASE NO.: 15-20652

v.

HON. GEORGE CARAM STEEH

D-10 DEVON PATTERSON,

       Defendant.
_____/

**DEFENDANT PATTERSON'S MOTION FOR GOVERNMENT AGENTS
TO RETAIN ROUGH NOTES AND FOR DISCLOSURE PRIOR TO
EVIDENTIARY HEARINGS AND/OR TRIAL**

NOW COMES the Defendant, DEVON PASTTERSON, hereinafter at times "PATTERSON," by and through his attorney, BERTRAM L. JOHNSON, and moves this Honorable Court to enter an Order requiring any and all law enforcement officers who have had any role in investigating the charges in this case to retain and preserve all rough notes, rough drafts, tape recordings, memoranda, and work sheets taken as part of their investigation; notwithstanding the fact that the contents of said notes are now or may be later incorporated in official records or reports. Defendant specifically requests the production of any such notes of all alleged statements which the prosecution may offer. In support of this request Defendant further states as follows:

1. That Defendant PATTERSON is charged in a multiple Count Indictment.

2. That the Defendant PATTERSON is one of nineteen (19) Defendants charged in a thirty-six (36) Count Indictment. There are an assortment of charges including, Count One, RICO Conspiracy (all defendants except, Matleah Scott), 18 U.S.C. § 1962(d), multiple counts

of Murder in Aid of Racketeering, 18 U.S.C. § 1959(a)(1), Multiple counts of Attempted Murder in the Aid of Racketeering, 18 USC § 1959(a)(5). Six Defendants are death eligible.

3. That Defendant PATTERSON is charged in only two (2) Counts of the Fourth Superseding Indictment. Count One (1) RICO Conspiracy, 18 U.S.C. § 1962(d) and Count Thirty Two (32), Possession of a Firearm in Furtherance of a Crime of Violence 18 U.S.C. § 924 (c).

4. That the instant matter concerns an investigation involving different law enforcement agencies, including the Detroit Police Department, the Charleston Police Department, and the Drug Enforcement Administration.

5. That defense counsel has received and been able to review some of the summary reports of the investigation for the present case.

6. That regardless of whether the summary reports may be available, the actual rough notes, rough drafts of summary reports, incident reports, tape recordings (including any used for transcribing summary reports), memoranda, and worksheets must be preserved and should be provided prior to any evidentiary hearing and/or trial. The request for preservation of notes includes notes pertaining to all investigations concerning Defendant PATTERSON and/or all witnesses who may testify in the instant matter concerning statements of the Defendant.

7. That the preservation of these notes is necessary so as to provide the Defendant with a fair trial, right to cross-examination, and the ability to prepare an adequate defense to the charges, challenge the alleged statements as well as the affidavits prepared and the searches conducted, and to provide Defendant with the effective assistance of counsel.

8. That Counsel herein has made a request to the Assistant U.S. Attorney in this case which is consistent with the request herein. The AUSA does not concur with this request.

WHEREFORE, Defendant PATTERSON, prays that this Honorable Court enter an Order requiring the preservation and production of law enforcement rough notes, rough drafts, tape recordings, memoranda, work sheets, and other documents identified above involving this investigation and any such further order as may be just and proper.

Respectfully submitted,

/s/ Bertram L. Johnson
Bertram L. Johnson (P46646)
Christian Ray & Associates, P.C. Attorney for Defendant
23756 Michigan Avenue, Suite 300
Dearborn, Michigan 48124
(313) 598-4193 Office
(313) 974-7544 Fax
Warrioratlaw313@aol.co,

Dated:   August 7, 2017

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO.: 15-20652

v.

HON. GEORGE CARAM STEEH

D-10 DEVON PATTERSON,

    Defendant.

_____/

**DEFENDANT PATTERSON'S BRIEF IN SUPPORT OF MOTION FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES AND FOR DISCLOSURE PRIOR TO EVIDENTIARY HEARING AND/OR TRIAL**

    Typically, this motion is made to allow the trial court the opportunity to determine whether disclosure of the said notes is required under *Brady v. Maryland,* 373 U.S. 83 (2963), or the Jencks Act, 18 U.S.C. § 3500. In the instant case, PATTERSON is moving *Brady* material but also something more specific: notes which constitute a statement of the Defendant. The request is discoverable pursuant to FRCP 16. Further, any rough notes could be impeachment evidence, which would require their disclosure. *Giglio v. United States,* 405 U.S. 150 (1972) (impeachment evidence falls under Brady when the reliability of a given witness may be determinative of a defendant's guilt or innocence); *see also*, *United States v. Sullivan,* 919 F.2d 1403 (10th Cir. 1990).

    There is the realistic possibility that this Court will be asked to determine whether the disclosure of said notes, records, and memoranda is required under *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963) or the Jencks Act, 18 U.S. C. § 3500. The Government has an obligation to preserve the notes for a possible *in camera* inspection in the future to determine the notes'

4

evidentiary value. *See*, *e.g.*, *generally*, *Giglio v. United States*, 405 U.S. 150 (1972); <u>United States v. Javidan,</u> 2011 U.S. Dist. LEXIS 148349 (S.D. Mich. Dec. 27, 2011); <u>United States v. Lujan,</u> F.Supp.2d 1224 (D.N.M. 2008).

    The Defendant should not be placed in a position where the efficacy of this motion is determined by the Government. The rough interview notes of government agents and the other materials herein described should be kept and produced so that the Court may determine whether they should be made available to the Defendant. <u>United States v. Vella,</u> 562 F.2d 375 (3rd Cir. 1977), cert. denied, 434 U.S. 1074, 998 S. Ct. 1262 (1978). In <u>United States v. Harrison,</u> 524 F.2d 421 (D.C. Cir. 1975), the court held that the decision as to whether rough interview notes are discoverable is for the court and not for the Government agent to make; and further, that the determination as to what constitutes a producible "statement" under the Jencks Act is for the Court and not for the Government to make. The Government must retain and upon motion make available to the court both rough notes and drafts of reports of its agent to facilitate the court's determination of whether they should be produced for the defendant. <u>United States v. Ammar,</u> 714 F.2d 238 (3rd Cir. 1983).

    Rough handwritten notes taken by agents are potentially discoverable materials required to be preserved and produced. *Harrison*, 524 F.2d at 423. When a government agent takes notes, which he adopts or approves, and he is then called as a witness, 18 U.S.C. § 3500 applies and the notes are producible at trial. <u>United States v. Layton,</u> 564 F.Supp. 1391 (D.C. Or. 1983). Even if the notes were not discoverable under the Jencks Act, the destruction of said notes after preparation of witness interview reports is not justifiable because preservation of the notes would impose an intolerable burden or that all the information was preserved in reports. *See* <u>United States v. Maynard,</u> 476 F.2d 1170, 1176-78 (D.C. Cir. 1972).

5

In *United States v. Terrell,* 474 F.2d 862, 877 (2nd Cir. 1973), the Second Circuit Court of Appeals held that the Jencks Act imposes no duty on law enforcement officials to retain rough notes when their contents are incorporated in the official records and they destroy their notes in good faith. *See also, United States v. Hoppe,* 645 F.2d 630 (8th Cir. 1981), cert. denied, 464 U.S. 829, 102 S. Ct. 122. This motion places the government on notice that any destruction of rough notes cannot be in good faith as of this time forward.

WHEREFORE, Defendant PATTERSON prays that this Honorable Court enter an Order requiring all government agents to retain their rough notes, rough drafts, tape recordings, memoranda, worksheets, and other documents described herein and for such other Order as may be just and proper.

Respectfully submitted,

/s/ Bertram L. Johnson
Bertram L. Johnson (P46646)
Christian Ray & Associates, P.C. Attorney for Defendant
23756 Michigan Avenue, Suite 300
Dearborn, Michigan 48124
(313) 598-4193 Office
(313) 974-7544 Fax
Warrioratlaw313@aol.com

Dated:  August 7, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO.: 15-20652

v.

HON. GEORGE CARAM STEEH

D-10 DEVON PATTERSON,

    Defendant.

_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2017, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system which will send notification of such filing will send out to all attorneys of record.

Respectfully submitted,

/s/ Bertram L. Johnson
Bertram L. Johnson (P46646)
Christian Ray & Associates, P.C. Attorney for Defendant
23756 Michigan Avenue, Suite 300
Dearborn, Michigan 48124
(313) 598-4193 Office
(313) 974-7544 Fax
warrioratlaw313@aol.com