UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 15-20652-10

vs.

HON. GEORGE CARAM STEEH

DEVON PATTERSON,

Defendant.
______________________________/

ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS AND EXHIBITS [DOC. 601]

This matter comes before the court on defendant Devon Patterson's motion for disclosure of grand jury transcripts and exhibits. Patterson's motion is joined in by defendant Billy Arnold [doc. 614] and Robert Brown [doc. 636].

Federal Rule of Criminal Procedure 6(e) generally establishes secrecy concerning grand jury proceedings. The burden "is on the defense to show that 'a particularized need' exists for the [grand jury information sought] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). Additionally, the Jencks Act, 18 U.S.C. § 3500, governs the disclosure of witnesses' prior

statements: “it requires production of impeachment material only after a ‘witness has testified on direct examination in the trial of the case.’” *United States v. Fletcher*, 295 Fed. Appx. 749, 753 (6th Cir. 2008).

Defendant contends that the grand jury transcripts are necessary to prevent untruthful testimony as well as inconsistent testimony among federal agents and government witnesses. First, “an indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits.” *Costello v. United States*, 350 U.S. 359, 363 (1956). Therefore, defendant may not obtain the grand jury materials to challenge the validity of the indictment against him. Second, to the extent the government intends to call a witness at trial who testified before the grand jury, the government has stated in open court that it will turn over the relevant grand jury materials thirty days prior to trial. Defendant is entitled to no more than this.

The court finds that defendant has failed to satisfy the necessary showing of “particularized need” in order to overcome grand jury secrecy. Now, therefore,

IT IS HEREBY ORDERED THAT defendant's motion to produce grand jury materials is DENIED.

IT IS SO ORDERED.

Dated: December 14, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 14, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk